## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX CICCOTELLI, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| TCF FINANCIAL CORPORATION., GARY | : **SECURITIES EXCHANGE ACT OF 1934** |
| TORGOW, THOMAS C. SHAFER, VANCE | : |
| K. OPPERMAN, DAVID T. PROVOST, | : |
| PETER BELL, KAREN L. | : |
| GRANDSTRAND, RICHARD H. KING, | : |
| RONALD A. KLEIN, BARBARA J. | : |
| MAHONE, BARBARA L. MCQUADE, | : |
| ROGER J. SIT, JULIE H. SULLIVAN, | : |
| JEFFREY L. TATE, ARTHUR A. WEISS, | : |
| FRANKLIN C. WHEATLAKE, and | : |
| THERESA M. H. WISE, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

### NATURE OF ACTION

1.      On December 13, 2020, TCF Financial Corporation ("TCF" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by Huntington Bancshares Incorporated ("Huntington") (the "Proposed Merger").

2.      Under the terms of the Merger Agreement, TCF's stockholders will receive 3.0028 shares of Huntington common stock per share.

3.      On February 17, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4.      As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8.      Plaintiff is and has been continuously throughout all relevant times the owner of TCF common stock.

9.      Defendant TCF is a Michigan corporation.  TCF's common stock is traded on the NASDAQ under the ticker symbol "TCF."

10.     Defendant Gary Torgow is Chairman of the Board of Directors of TCF (the "Board").

11.     Defendant Thomas C. Shafer is a member of the Board.

12.     Defendant Vance K. Opperman is a member of the Board.

13.     Defendant David T. Provost is Chief Executive Officer and a member of the Board.

14.     Defendant Peter Bell is a member of the Board.

15.     Defendant Karen L. Grandstrand is a member of the Board.

16.     Defendant Richard H. King is a member of the Board.

17.     Defendant Ronald A. Klein is a member of the Board.

18.     Defendant Barbara J. Mahone is a member of the Board.

19.     Defendant Barbara L. McQuade is a member of the Board.

20.     Defendant Roger J. Sit is a member of the Board.

21.     Defendant Julie H. Sullivan is a member of the Board.

22.     Defendant Jeffrey L. Tate is a member of the Board.

23.     Defendant Arthur A. Weiss is a member of the Board.

24.     Defendant Franklin C. Wheatlake is a member of the Board.

25.     Defendant Theresa M. H. Wise is a member of the Board.

26.     Defendants identified in ¶¶ 10-25 are referred to herein as the "Individual Defendants."

### SUBSTANTIVE ALLEGATIONS

27.     TCF's primary banking subsidiary, TCF National Bank, is a premier Midwest bank offering consumer and commercial banking, trust and wealth management, and specialty leasing and lending products and services to consumers, small businesses, and commercial clients.

28.     On December 13, 2020, TCF entered into the Merger Agreement, under which TCF's stockholders will receive 3.0028 shares of Huntington common stock per share.

29.     The press release announcing the Proposed Merger provides as follows:

Huntington Bancshares Incorporated ("Huntington") (Nasdaq: HBAN; www.huntington.com), the parent company of The Huntington National Bank, and TCF Financial Corporation ("TCF") (Nasdaq: TCF; www.tcfbank.com), the parent company of TCF National Bank, today announced the signing of a definitive

3

agreement under which the companies will combine in an all-stock merger with a total market value of approximately $22 billion to create a top 10 U.S. regional bank with dual headquarters in Detroit, Michigan and Columbus, Ohio.

The combined company will bring together two purpose-driven organizations with a deep commitment to the customers and communities they serve. With a rich history of caring for customers and colleagues, the new organization will have a top 5 rank in approximately 70% of its deposit markets1 and will leverage its scale to serve customer needs through a distinctive, "People-First, Digitally-Powered" customer experience.

Under the terms of the agreement, which was unanimously approved by the boards of directors of both companies, TCF will merge into Huntington, and the combined holding company and bank will operate under the Huntington name and brand following the closing of the transaction. Upon closing, Stephen D. Steinour will remain the chairman, president, and CEO of the holding company and CEO and president of the bank. Gary Torgow will serve as chairman of the bank's board of directors. []

**Board of Directors**

At closing, five current TCF Directors will be added to the Board of Directors of the holding company. David L. Porteous will serve as Lead Director of the holding company's Board of Directors and the bank's Board of Directors.

**Timing and Approvals**

The merger is expected to close in the second quarter of 2021, subject to satisfaction of customary closing conditions, including receipt of customary regulatory approvals and approval by the shareholders of each company.

**Advisors**

Goldman Sachs & Co. LLC is serving as financial advisor to Huntington. Wachtell, Lipton, Rosen & Katz is serving as legal advisor to Huntington.

Keefe, Bruyette & Woods, *a Stifel Company*, is serving as financial advisor to TCF. Simpson Thacher & Bartlett LLP is serving as legal advisor to TCF.

30.    On February 17, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Analyses</u>

31.    The Proxy fails to disclose material information regarding the financial analyses

performed by Keefe, Bruyette & Woods, a Stifel Company ("KBW"), TCF's financial advisor. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must be fairly disclosed.

32.     The Proxy fails to disclose the individual multiples for the selected companies analyzed by KBW in its Selected Companies Analyses of TCF and Huntington.

33.     The Proxy fails to disclose the individual multiples for the selected transactions analyzed by KBW in its Selected Transactions Analysis.

34.     The Proxy fails to disclose the following regarding KBW's Relative Contribution Analysis: (i) gross loans held for investment; (ii) deposits; (iii) tangible common equity; (iv) 2020 to 2022 earnings; and (v) 2021 to 2022 pre-tax pre-provision earnings.

35.     The Proxy fails to disclose the following regarding KBW's Financial Impact Analysis: (i) the accretion and dilution numbers resulting from the analysis; (ii) the pro forma assumptions; and (iii) Huntington's tangible common equity to tangible assets ratio, leverage ratio, common equity tier 1 ratio, tier 1 capital ratio, and total risk-based capital ratio.

36.     The Proxy fails to disclose the following regarding KBW's Huntington Discounted Cash Flow Analysis: (i) the estimated excess cash flows; (ii) 2026 earnings; and (iii) the inputs and assumptions underlying the discount rates and Huntington's terminal values.

37.     The Proxy fails to disclose the following regarding KBW's TCF Discounted Cash Flow Analysis: (i) the estimated excess cash flows; (ii) 2026 earnings; and (iii) the inputs and assumptions underlying the discount rates and TCF's terminal values.

38.     The Proxy fails to disclose the following regarding KBW's Pro Forma Combined Discounted Cash Flow Analysis: (i) the estimated excess cash flows; (ii) 2026 earnings; (iii) the

inputs and assumptions underlying the discount rates and terminal values; and (iv) the estimated cost savings and related expenses, other earnings adjustments, accounting adjustments, and restructuring charges.

<u>Financial Projections</u>

39.     The Proxy fails to disclose material information regarding TCF's, Huntington's, and the combined company's financial projections.  The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by a company's financial advisor in support of its fairness opinion.

40.     The Proxy fails to disclose the following regarding TCF's financial projections: excess cash flows.

41.     The Proxy fails to disclose the following regarding Huntington's financial projections: excess cash flows.

42.     The Proxy fails to disclose the following regarding the combined company's financial projections: excess cash flows.

<u>Background of the Proposed Merger and Potential Conflicts of Interest</u>

43.     The Proxy fails to disclose material information regarding the background of the Proposed Merger and potential conflicts of interest.

44.     The Proxy fails to disclose the timing and nature of all communications between Huntington and TCF's executive officers and directors regarding employment agreements and change-in-control payments TCF's officers stand to receive in addition to their continued employment with the combined company.

45.     If disclosed, the omitted information would significantly alter the total mix of information available to TCF's stockholders.

## COUNT I

**Claim Against the Individual Defendants and TCF for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

46.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

47.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

48.     TCF is liable as the issuer of these statements.

49.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

50.     The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

51.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

52.     A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

53.     The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

54.     Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

55.     Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

56.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

57.     The Individual Defendants acted as controlling persons of TCF within the meaning of Section 20(a) of the Exchange Act as alleged herein.

58.     Due to their positions as officers and/or directors of TCF and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

59.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

60.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

61.     The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

62.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

63.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

64.     These defendants are liable pursuant to Section 20(a) of the Exchange Act.

65.     Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.     In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  March 12, 2021                          **GRABAR LAW OFFICE**

By: _____
                                                Joshua H. Grabar (#82525)
                                                One Liberty Place
                                                1650 Market Street, Suite 3600
                                                Philadelphia, PA 19103
                                                267-507-6085
                                                jgrabar@grabarlaw.com

                                                *Counsel for Plaintiff*